# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 2000 SESSION



**FILED**

**February 15, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. W1999-00809-CCA-R3-CD** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ARTHUR T. BENNETT,** |
| **MICHAEL STEVENSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**ARCH B. BOYD III**
217 Exchange Ave.
Memphis, TN 38105-3503

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**MARVIN S. BLAIR, JR.**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**STEPHEN P. JONES**
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**OPINION**

The defendant pled guilty to two counts of promoting prostitution, Class E felonies. He was sentenced as a Range I standard offender to one year on the first charge and given a consecutive six-month sentence on the second charge. In this appeal as of right, defendant challenges:

(1) the length of his sentence;

(2) the consecutive nature of his sentences; and

(3) the denial of his request for alternative sentencing.

Upon our review of the record, we **AFFIRM** the judgment of the trial court.

**I. FACTS**

The defendant owned a massage parlor, "Lisa Dreammakers." On May 29, 1997, as a result of an undercover operation, the defendant was arrested and charged with promoting prostitution.

While free on bond for the above charge, defendant once again opened a similar business under the name "Pink Flamingo." On November 8, 1997, the vice squad conducted an undercover investigation of the new establishment. Defendant was again arrested and charged with promoting prostitution.

While on bond for this second charge, defendant again opened a similar business under the name "American Way Mini Spa." Several months later the women were arrested, and defendant closed the establishment. Defendant was not charged with regard to the third establishment.

On May 18, 1998, defendant pled guilty to both charges of promoting prostitution and was sentenced for these Class E felonies as a Range I standard offender to one year on the first charge and received a consecutive six-month sentence on the second charge. Defendant appeals these sentences.

## II. SENTENCING

### A. Length of Sentence

Defendant contends the trial court inappropriately weighed the enhancement and mitigating factors and imposed excessive sentences. However, as the State points out, the statutory minimum sentence for a Range I, Class E felony is one year. Tenn. Code Ann. § 40-35-112(a)(5). However, Tenn. Code Ann. § 40-35-211(2) authorizes the trial court to impose a lesser punishment where the minimum punishment is one year. In case number 98-00989 defendant was given a sentence of one year, and in case number 98-07416 defendant was given a six-month sentence. Since the defendant has failed to assert any credible argument as to why his sentences should be further mitigated, we find this issue to be without merit.

The state contends the six-month sentence for the Class E felony is not authorized; therefore, the state seeks an increased sentence to one year. As previously stated, Tenn. Code Ann. § 40-35-211(2) specifically authorizes such a sentence. The state's issue is likewise without merit.

### B. Consecutive Sentencing

Defendant argues consecutive sentencing was inappropriate. Defendant claims his family history, work history, and church and community involvement since his arrests should outweigh the factors for consecutive sentencing.

Defendant was on bail for the first felony offense when he committed the second felony offense. Thus, consecutive sentencing was mandatory. *See* Tenn. R. Crim. P. 32(c)(3)(C). This issue is without merit.

### C. Alternative Sentencing

Defendant argues that an offender who commits a Class E felony is presumed to be a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6). Therefore, he claims the trial court erred in denying his request for alternative sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The trial court heard impressive testimony concerning the defendant's efforts toward rehabilitation which began after his last illegal business was closed. However, the trial court noted the defendant's previous history. The defendant has sixteen prior convictions, two of which were for promoting prostitution, and has been on probation on four separate cases. While on bond for the first charge of promoting prostitution, the defendant opened his business under another name and continued to violate the law. When he was arrested a second time and again released on bond, defendant opened the business under yet a third name. He only ceased to conduct illegal activities when the women in his establishment were arrested. It is clear from defendant's conduct that less restrictive measures of punishment and past attempts at rehabilitation have, in the words of the trial judge, "failed miserably." The trial court correctly held that defendant's "criminal history is so bad... [i]t would depreciate the seriousness of these offenses if [he] just walks out free after slapping the law in the face on numerous occasions."

In light of the defendant's prior criminal history, we are unable to find error in the denial of alternative sentencing. This issue is without merit.

**CONCLUSION**

We find no reason to disturb the sentence of the trial court.  Therefore, we **AFFIRM** the judgment below.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOHN EVERETT WILLIAMS, JUDGE**

_____
**ALAN E. GLENN, JUDGE**